## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

QUANESHA HARRIS,

       Plaintiff,

    v.

BRIDGECREST CREDIT COMP,
LLC, *et al.*,

       Defendants.

Case No. 26–cv–03301–ESK–EAP

OPINION AND ORDER

**THIS MATTER** having come before the Court on *pro se* plaintiff's complaint (Complaint) (ECF No. 1 (Compl.)), filed without payment of the filing fee or submission of an application to proceed *in forma pauperis* (IFP) and "emergency motion for return of property and sanctions" (Motion) (ECF No. 2); and the Court finding,

1.    A court "has the authority to dismiss a case 'at any time,'... regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case" before or even simultaneously with review of an IFP application. *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019).

2.    The Court shall accordingly screen the action to determine whether the Complaint (ECF No. 1): (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B)(i)–(iii).   The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

3.    When evaluating whether a complaint must be dismissed under 28 U.S.C. § 1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).   To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4.     A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests."   *Bell Atl. Corp.*, 550 U.S. at 555.

5.     Here, the Complaint does not meet the above standards.   This action arises from the repossession of plaintiff's vehicle despite her debt having been discharged.   (Compl. pp. 4, 5.)   Plaintiff seeks relief for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, and the bankruptcy discharge injunction, 11 U.S.C. §524.   (*Id.*)   "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' … , and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt."   *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).   But plaintiff does not allege facts establishing her FDCPA claim.   Instead, she simply recites the elements of the claim and offers legal conclusions.   *See Bell Atl. Corp.*, 550 U.S. at 555 (holding that "a formulaic recitation of the elements of a cause of action will not do").   The Motion fails for the same reasons.

6.     As to the alleged violation of the bankruptcy discharge injunction, §524 "is silent with respect to a private right of action for debtors injured by a creditor's violation of the discharge injunction."   *In re Meyers*, 344 B.R. 61, 64 (Bankr. E.D. Pa. 2006).   While this "does not mean that a violation of the discharge injunction cannot be remedied" by imposing civil contempt sanctions, such authority remains with the bankruptcy court.   *Id.*; *In re Craytor*, 650 B.R. 470, 478–79 (Bankr. D.N.J. 2023) (noting that "[p]rosecution of a motion for violation of the discharge injunction is cause to reopen a bankruptcy case").

Accordingly,

     **IT IS** on this   **1st** day of **April 2026**   **ORDERED** that:

1.     The Complaint (ECF No. 1) is **DISMISSED without prejudice**.

2.     By **May 1, 2026**, plaintiff may file an amended complaint addressing the deficiencies outlined above.   The amended complaint must be accompanied by either: (a) a completed IFP application (*see* ECF No. 4); or (b) the filing fee.

The Court reserves the right to dismiss this action with prejudice for failure to timely file an amended complaint.

3.    The Motion is **administratively terminated.**

4.    The Clerk of the Court shall **close** this action.

    /s/ Edward S. Kiel

EDWARD S. KIEL
UNITED STATES DISTRICT JUDGE

3